United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60003
Conference Calendar

CHARLIE L. TAYLOR, et al.,

                                        Plaintiffs,

CHARLIE L. TAYLOR,

                                        Plaintiff-Appellant,

versus

PATRICIA CRAWFORD, Captain, S.M.C.I.; MELINDA L. EZELL;
SHERMAN WALLEY; THOMAS MATHIAS; DIANE MASSEY; ELWYN SMITH,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:02-CV-6
--------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

      Charlie L. Taylor, Mississippi prisoner # R6798, appeals the

district court's denial of his motion to reopen his 42 U.S.C.

§ 1983 action, which the district court construed as a FED.

R. CIV. P. 60(b) motion.  On appeal, Taylor does not identify any

error in the district court's denial of his motion.

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although pro se briefs are afforded liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), arguments must be briefed to be preserved. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Taylor failed to identify any error in the district court's denial of his Rule 60(b) motion, he has abandoned the only issue before this court. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Taylor's appeal is without arguable merit and, therefore, is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

This court previously imposed the 28 U.S.C. § 1915(g) bar against Taylor in Taylor v. Brantley, No. 01-60568 (5th Cir. Feb. 21, 2002). Taylor is advised that he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION REMAINS IN EFFECT.